1  Daniel C. Girard (State Bar No. 114826)
   dcg@girardgibbs.com
2  Matthew B. George (State Bar No. 239322)
   mbg@girardgibbs.com
3  Heidi H. Kalscheur (State Bar No. 287993)
   hhk@girardgibbs.com
4  GIRARD GIBBS LLP
   601 California Street, 14th Floor
5  San Francisco, California 94104
   Telephone: (415) 981-4800
6  Facsimile: (415) 981-4846

7  *Attorneys for Plaintiffs Eric Holland and Cody Baker*

8  *[Additional Counsel Continued After Caption Page]*

9

                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11

12

13  ERIC HOLLAND and CODY BAKER, on behalf      Case No.   5:13-cv-4980 LHK
    of themselves and all others similarly situated,
                                                **JOINT CASE MANAGEMENT
14                                              STATEMENT**
                   Plaintiffs,
15                                              Date:   January 22, 2014
         v.                                     Time:   2:00 PM
16                                              Crtrm:  8
    YAHOO! INC.
17
                                                District Court Judge Lucy H. Koh
                   Defendant.
18

19  REBECCA ABRAMS, Individually and on         Case No.   5:13-cv-05388-LHK
    Behalf of Those Similarly Situated,
20
                   Plaintiff,
21
         v.
22
    YAHOO! INC., a California Corporation,
23
                   Defendant.
24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
Case No. 13-CV-4980 LHK
sf-3373614

| | | |
|---|---|---|
| BRIAN PINCUS, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>YAHOO! INC., a Delaware Corporation,<br><br>    Defendant. | Case No. | 5:13-cv-05326-LHK |
| HALIMA NOBLES, on behalf of Herself and all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>YAHOO! INC., a Delaware Corporation, and DOES 1-10, inclusive,<br><br>    Defendant. | Case No. | 5:13-cv-04989-LHK |

JOINT CASE MANAGEMENT STATEMENT
Case No. 13-CV-4980 LHK
sf-3373614

| | |
|---|---|
| 1 | *[Additional Counsel Continued from Caption Page]* |
| 2 | LIONEL Z. GLANCY (#134180) |
|   | lglancy@glancylaw.com |
| 3 | MICHAEL GOLDBERG (#188669) |
|   | mmgoldberg@glancylaw.com |
| 4 | GLANCY BINKOW & GOLDBERG LLP |
|   | 1925 Century Park East, Suite 2100 |
| 5 | Los Angeles, CA  90067 |
|   | Telephone:  (310) 201-9150 |
| 6 | Facsimile:  (310) 201-9160 |
| 7 | POMERANTZ LLP |
|   | Jeremy A. Lieberman (admitted *pro hac vice*) |
| 8 | Leslie F. Portnoy (admitted *pro hac vice*) |
|   | 600 Third Avenue, 20th Floor |
| 9 | New York, New York  10016 |
|   | Telephone:  (212) 661-1100 |
| 10 | Email:  jalieberman@pomlaw.com |
| 11 | *Attorneys for Plaintiff Rebecca Abrams* |
| 12 | Laurence D. King (SBN 206423) |
|   | Linda M. Fong (SBN 124232) |
| 13 | Mario M. Choi (SBN 243409) |
|   | KAPLAN FOX & KILSHEIMER LLP |
| 14 | 350 Sansome Street, Suite 400 |
|   | San Francisco, CA 94104 |
| 15 | Telephone: 415-772-4700 |
|   | Facsimile: 415-772-4707 |
| 16 | lking@kaplanfox.com |
|   | lfong@kaplanfox.com |
| 17 | mchoi@kaplanfox.com |
| 18 | Frederic S. Fox (*pro hac* pending) |
|   | Donald R. Hall (*pro hac* pending) |
| 19 | David A. Straite (admitted *pro hac vice*) |
|   | KAPLAN FOX & KILSHEIMER LLP |
| 20 | 850 Third Avenue, 14th Floor |
|   | New York, NY 10022 |
| 21 | Telephone: 212-687-1980 |
|   | Facsimile: 212-687-7714 |
| 22 | dstraite@kaplanfox.com |
| 23 | *Attorneys for Plaintiff Brian Pincus* |
| 24 | REGINALD TERRELL, ESQ. |
|   | THE TERRELL LAW GROUP |
| 25 | Post Office Box13315, PMB #148 |
|   | Oakland, California  94661 |
| 26 | Telephone:  (510) 237-9700 |
|   | Facsimile:  (510) 237-4616 |
| 27 | Email:  Reggiet2@aol.com |
| 28 | |

JOINT CASE MANAGEMENT STATEMENT
Case No. 13-CV-4980 LHK
sf-3373614

1 | SYDNEY J. HALL, ESQ.
LAW OFFICES OF SYDNEY JAY HALL
2 | 1308 Bayshore Highway, #220
Burlingame, California 94010
3 | Telephone: (650)342-1830
Facsimile: (650) 342-6344
4
*Attorneys for Plaintiff Halima Nobles*
5
REBEKAH KAUFMAN (CA SBN 213222)
6 | RKaufman@mofo.com
ROBERT PETRAGLIA (CA SBN 264849)
7 | RPetraglia@mofo.com
MORRISON & FOERSTER LLP
8 | 425 Market Street
San Francisco, CA 94105
9 | Tel: 415.268.7000
Fax: 415.268.7522
10
*Attorneys for Defendant YAHOO! INC.*
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINT CASE MANAGEMENT STATEMENT
Case No. 13-CV-4980 LHK
sf-3373614

Plaintiffs Eric Holland, Cody Baker, Halima Nobles, Rebecca Abrams, and Brian Pincus ("Plaintiffs") and Defendant Yahoo! Inc. ("Yahoo") (collectively "the Parties") hereby submit their Joint Case Management Conference Statement.

**1.      Jurisdiction and Service:**  As alleged in Plaintiffs' complaints, this Court has subject matter jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).  There are no issues regarding personal jurisdiction or venue.  No parties remain to be served.

**2.      Facts:**  Plaintiffs' Position:  On or about June 1, 2013, Yahoo migrated all Yahoo! Mail subscribers over to its new email platform.  Yahoo maintains multiple terms of service and privacy policies related to its new Yahoo! Mail services. Yahoo's privacy policy provides, in part:

> *Yahoo provides personally relevant product features, content, and advertising, and spam and malware detection by scanning and analyzing Mail, Messenger, and other communications content.  Some of these features and advertising will be based on our understanding of the content and meaning of your communications.*  ***For instance, we scan and analyze email messages to identify key elements of meaning and then categorize this information for immediate and future use.***

(emphasis added).  Plaintiffs filed six putative class actions in this District alleging that Yahoo's practices of scanning and analyzing of email violates their privacy rights.  Plaintiffs sue on behalf of themselves and proposed classes of non-Yahoo! Mail subscribers and assert claims under California's Invasion of Privacy Act (the "California Wiretap Act" or "CIPA").  Four of the six actions also assert federal claims under Title I of the Electronic Communications Privacy Act (the federal "Wiretap Act"), 28 USC § 2510 *et seq*.  Two of the actions have been withdrawn.

At Yahoo's invitation Plaintiffs' counsel attended a meeting on December 11, 2013. Yahoo's counsel presented information at the meeting that remains subject to a highly restrictive non-disclosure agreement.  No company representatives other than Yahoo's outside counsel attended the meeting.  In response to the presentation made by Yahoo's outside counsel at the meeting, counsel for Plaintiffs made specific inquiries of Yahoo's counsel for additional information.  These inquiries remain unanswered.  Yahoo also denied Plaintiffs' request that the non-disclosure agreement be revised to allow Plaintiffs' counsel to discuss with their technical consultant the information presented by Yahoo's counsel.  Plaintiffs' investigation is ongoing and

JOINT CASE MANAGEMENT STATEMENT
Case No. 13-CV-4980 LHK
sf-3373614

1

1  Plaintiffs remain willing to consider any and all information Yahoo is prepared to make available
2  voluntarily.

3        <u>Yahoo's Position</u>: The core of Plaintiffs' allegations is that Yahoo intercepts and reads
4  the personal emails of the Plaintiffs and purported class members so that it can place targeted
5  advertisements to Yahoo Mail users. In response to these allegations, counsel for Yahoo
6  conducted an early factual investigation and had an in-person meeting with all Plaintiffs' counsel
7  to share the results of that investigation and discuss how Yahoo's confidential, proprietary
8  technologies and practices operate for Yahoo Mail. Two other purported class actions with nearly
9  identical allegations were voluntarily dismissed following that meeting *See Kevranian v. Yahoo!*,
10  Case No. 5:13-cv-04547-LHK (ECF 35); *Zelaya v. Yahoo!*, Case No. 5:13-cv-04619-LHK (ECF
11  22). Other previously filed class actions against Yahoo were also dismissed after similar
12  discussions in 2012. *See Penkava v. Yahoo! Inc.*, Case No 5:12-cv-03414-LHK (N.D. Cal.);
13  *Sutton v. Yahoo! Inc.*, Case No. CIV-12-02973, (Cal. Sup. Ct.). Further, Yahoo is willing to share
14  additional early discovery, subject to an appropriate protective order, that Yahoo believes will
15  undercut Plaintiffs' contention that Yahoo wiretapped or eavesdropped upon Plaintiffs or the
16  proposed class in violation of the CIPA or Wiretap Act.

17        Anticipated factual issues include whether Plaintiffs ever sent emails to Yahoo
18  subscribers; whether Yahoo ever intercepted and reviewed the content of Plaintiffs' emails to
19  Yahoo subscribers except for spam, malware and abuse; whether Yahoo subscribers consent to
20  the analysis of their emails; whether Plaintiffs reasonably believed that their emails were
21  confidential; what terms and conditions govern Plaintiffs' own email use; and the circumstances
22  surrounding Plaintiffs' preparation and transmission of emails to Yahoo subscribers.

23        Yahoo additionally does not believe that class certification is proper in this action
24  because, among other reasons, individual issues of fact and law predominate and the class is not
25  ascertainable.

26  **3.**     **Legal Issues:** <u>Plaintiffs identify the following legal issues:</u> The Plaintiffs may amend
27  their complaints (or file an amended consolidated complaint if the Court grants consolidation, see
28  Section 4, "Motions," *infra*), but as currently structured, there are two broad legal questions: (1)

Do Yahoo's practices of scanning and analyzing email violate CIPA; and (2) Do Yahoo's practices of scanning and analyzing email violate the federal Wiretap Act?

Each of the questions above may involve additional sub-questions of law, including novel questions of statutory interpretation and construction. Additional procedural issues will be presented at the class certification stage.

<u>Yahoo identifies the following legal issues</u>: This case raises numerous legal questions including: (1) whether Yahoo acquired its users' consent through its terms of service to analyze incoming emails. *See* 18 U.S.C. § 2511(2)(d); (2)whether emails residing on an electronic service provider's mail servers are in "electronic storage." *See* 18 U.S.C. § 2511(1)(a); 18 U.S.C. § 2701; *Konop v. Hawaiian Airlines*, 302 F.3d 868, 877 (9th Cir. 2002) ("[T]o be 'intercepted' in violation of the Wiretap Act, [an electronic communication] must be acquired during transmission, not while it is in electronic storage."); (3) whether Yahoo processes email "in the ordinary course of its business." *See* 18 U.S.C. § 2510(5)(a); (4) whether Plaintiffs' CIPA claims against an electronic communications service provider such as Yahoo, for accessing mail stored on its systems, are preempted by the Electronic Communications Privacy Act, including the Stored Communications Act; (5) whether the CIPA as applied by Plaintiffs violates the Commerce Clause of the United States Constitution; (6) whether the CIPA applies to email communications; (7) whether the CIPA applies to stored emails; (8) whether Plaintiffs can state a claim for violation of 18 U.S.C. § 2511; (9) whether Plaintiffs can state a claim for violation of Cal. Pen. Code § 631; (10) whether Plaintiffs can state a claim for violation of Cal. Pen. Code § 632; (11) whether Plaintiffs are entitled to relief under Cal. Pen. Code § 637; and (12) whether Plaintiffs can satisfy the requirements of Rule 23.

**4.     Motions:** On December 18, 2013, the Court granted the parties' administrative motions to relate the related actions to the now-withdrawn *Kevranian* action. All related actions are now pending before this Court (*see Holland* ECF No. 14; *Nobles* ECF No. 18; I ECF No. 17; and *Abrams* ECF No. 18).

Plaintiffs have filed two motions for consolidation of all related actions and appointment

JOINT CASE MANAGEMENT STATEMENT
Case No. 13-CV-4980 LHK
sf-3373614

3

of interim lead class counsel.[1]  Plaintiffs in *Holland v. Yahoo*, Case No. 5:13-cv-04980 LHK, have filed a Motion to Consolidate Related Cases and for Appointment of Girard Gibbs LLP as Interim Class Counsel (ECF No. 15).  Plaintiff in *Pincus v. Yahoo*, Case No. 5:13-cv-04547 LHK, has filed a Motion to Consolidate Cases and to Appoint Kaplan Fox & Kilsheimer LLP as Interim Lead Counsel (ECF No. 33).  Both motions were filed on January 2, 2014.  (*Holland* ECF No. 15; *Pincus* ECF No. 33.)

The *Holland* and *Pincus* motions for consolidation and for appointment of interim lead counsel are set for hearing on March 27, 2014.  Briefing on the motions is scheduled to conclude on January 23, 2014, but subsequent to filing these motions, counsel for Plaintiffs reached an agreement on a proposed interim lead counsel leadership structure consisting of Girard Gibbs LLP and Kaplan Fox & Kilsheimer LLP as co-interim lead counsel subject to the Court's appointment in the proposed Consolidation Order accompanying a separate stipulation to be filed with the Court shortly.  The *Holland* and *Pincus* motions also both request consolidation under Federal Civil Rule 42 and all Plaintiffs concur in this request.  Yahoo does not oppose consolidation and takes no position on leadership.

Plaintiffs anticipate filing a motion for class certification under Federal Civil Rule 23 and may file a motion for summary judgment under Federal Civil Rule 56 after discovery is taken.

Yahoo intends to file motions to dismiss in each case pursuant to Fed. R. Civ. Proc. 12(b)(6), which are currently set by stipulation and order for the following briefing schedule: Yahoo's motions shall be filed on or before March 7, 2014.  Plaintiffs have until April 4, 2014 to file any opposition briefs.  Yahoo has until April 25, 2014, to reply to any such opposition.  The parties ask that the Court set a new briefing schedule if the cases are consolidated and a consolidated complaint is filed.  Doing so will promote judicial economy and efficiency as only one set of motion to dismiss briefing will be required.  Proposed briefing schedules are provided in Section 17, "Scheduling," *infra*.  Yahoo will also oppose any motion for class certification and

---

[1] On November 5, 2013, plaintiffs in the now-withdrawn *Kevranian* action filed a motion for the appointment of Cotchett, Pitre & McCarthy, LLP and Kirtland & Packard LLP as interim co-lead class counsel (*Kevranian* ECF No. 19).  This motion is moot now that the *Kevranian* and *Zelaya* actions are dismissed.

JOINT CASE MANAGEMENT STATEMENT
Case No. 13-CV-4980 LHK
sf-3373614

4

may file a motion for summary judgment under Federal Civil Rule 56 should the case continue through the end of discovery.

**5.     Amendment of Pleadings:**  As noted above, (see Section 4, "Motions"), there are two outstanding Consolidation Motions.  If the Court consolidates the Related Actions, the parties propose that Interim Lead Counsel file an amended consolidated class complaint on the schedule set forth below in Section 17, "Scheduling."

**6.     Evidence Preservation:**  The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and met and conferred on January 14, 2013, pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures:**  The Parties confirm that they held a joint Rule 26(f) conference on January 14, 2014 and that initial disclosures will be exchanged on January 23, 2014.

**8.     Discovery:**  Though the parties have engaged in early informal discovery, no formal discovery has been taken to date.  The Parties do not believe that any limitations or modifications of the discovery rules are appropriate at this time.  It is Yahoo's position that because Plaintiffs have not yet filed a consolidated complaint and because Yahoo's motion to dismiss will raise potentially case dispositive issues and, at the very least, could substantially narrow and clarify the issues for discovery, the first stage of discovery should focus on the email scanning technology and practices that Yahoo has discussed with Plaintiffs; and the second phase should extend to additional relevant topics should Plaintiffs still believe that their claims have a good faith factual basis.  Yahoo believes that such staged discovery is the most efficient and cost effective means of proceeding for all parties.  Plaintiffs intend to conduct discovery into the fact issues raised by Yahoo but do not believe formal sequencing or phasing would be workable or efficient.

<u>Proposed Discovery Plan under Federal Rule of Civil Procedure 26(f)</u>

   (A)  The Parties do not believe that any changes should be made in the timing, form, or requirement for disclosures under Rule 26(a) other than the date for exchange noted above.

   (B)  Plaintiffs believe the appropriate subjects for discovery are: the nature of Yahoo's scanning emails for content; the methods and technologies Yahoo employs in email scanning and

analyzing of email content; the internal architecture of Yahoo's email delivery process and the interception points at which emails are scanned for content; databases created or maintained by Yahoo to synthesize and collect consumer information; Yahoo's policies and practices with respect to the collection, sale and marketing of data collected from consumers' email for targeted advertising and other uses; communications and evaluations by Yahoo regarding its policies and practices of email scanning for content (either Yahoo's practice of scanning or the practice of any competitor); Yahoo's alleged business justifications for scanning; and the extent to which Yahoo's practices adhere or diverge from its publicly stated policies.

(C) Subject to Yahoo's request for staged discovery set forth above, Yahoo believes the appropriate subjects for discovery are: the nature of the emails sent by Plaintiffs to Yahoo subscribers including their content, the circumstances under which these emails were sent, the time frame in which they were sent; when and how Plaintiffs came to believe that Yahoo would review their email; whether Plaintiffs have consented to the review of their emails by their own email service provider; where Plaintiffs' emails were received; what Plaintiffs' mental state was at the time that they sent emails to Yahoo subscribers; and the scope and limitations of Yahoo's scanning of emails sent from non-Yahoo subscribers to Yahoo subscribers.

(D) It is Yahoo's position that no discovery, including ESI, should be exchanged until the parties have agreed upon a protective order and that order is entered by the Court. Plaintiffs concur that a protective order is preferred, but disagree that the failure of the parties to reach an acceptable agreement should be a bar to exchanging discovery; in the event of an impasse, the Plaintiffs prefer to exchange discovery on an attorneys' eyes-only basis pending the final protective order. The Parties will meet and confer regarding the form and format of any ESI on a continuing basis. The Parties agree to select e-discovery liaisons, who will cooperate to ensure that discovery is conducted in an efficient and effective manner. Plaintiffs have selected Matthew George as their liaison and Yahoo has selected Robert Petraglia as its liaison.

(E) The Parties believe the provisions of Rule 502 of the Federal Rules of Evidence are sufficient with respect to privilege and inadvertent disclosure of privileged documents or information, such that a separate agreement concerning inadvertent disclosure is unnecessary.

1  Should the Parties conclude that specific procedures are necessary, they will include them in their
2  proposed protective order.

3     (F) Yahoo reserves the right to seek modifications to limits on discovery until a reasonable
4  time after a ruling on its motion to dismiss.

5     (G) The Parties are confident that they will be able to agree upon a proposed protective order
6  that they will present to the Court.  Yahoo has agreed to provide Plaintiffs with a draft protective
7  order at the appropriate time to protect the confidentiality of documents that will be exchanged
8  during discovery.

9  **9.     Class Actions:** All Related Actions assert class claims.  Pending resolution of
10 consolidation issues, Plaintiffs propose filing a motion for class certification no later than
11 September 19, 2014, as set forth in Plaintiffs' proposed scheduling order, see Section 17,
12 "Scheduling," *infra*.  It is Yahoo's position that, because the case is only in its initial stages and
13 threshold issues such as whether the cases will be consolidated and a consolidated complaint
14 filed, no class certification briefing schedule should be set at this time.  Should the Court set a
15 schedule for class certification briefing, however, Yahoo believes that the deadline for filing a
16 motion for class certification should be April 10, 2015.  Yahoo further proposes that the deadline
17 for Yahoo to respond to a motion for class certification should be June 9, 2015, or sixty days after
18 the filing of the motion for class certification.

19 Plaintiffs' Position:  This action is brought on behalf of all persons who, through non-Yahoo!
20 Mail accounts, received a message from or sent a message to a Yahoo! Mail user with an
21 @yahoo.com email address, within the past two years.  Plaintiffs satisfy the prerequisites for
22 suing as a representative party pursuant to Rule 23.

23     Plaintiffs meet the requirements of Rule 23(a).  First, the proposed class consists of
24 millions of persons, a number far too large to join in a single action.  Second, Plaintiffs' and class
25 members' claims raise predominantly common factual and legal questions relating whether to
26 Yahoo!'s email scanning practices violate CIPA and the federal Wiretap Act.   Numerous
27 common questions posed by this case include, but are not limited to, whether Yahoo! intercepts,
28 scans and analyzes consumers' email in transit, whether consumers' consented to their emails'

JOINT CASE MANAGEMENT STATEMENT
Case No. 13-CV-4980 LHK
sf-3373614

7

interception, whether emails are confidential communications, and whether class members are entitled to monetary or injunctive relief.  Third, Plaintiffs' claims are typical of all class members' claims in that they sent emails to Yahoo subscribers.  Finally, Plaintiffs' interests are aligned with those of the proposed class and they have retained counsel who are experienced in class action litigation.

      Plaintiffs also satisfy the requirements of Rule 23(b).  Yahoo has acted on grounds generally applicable to the class and all parties and the court will benefit if the legality of Yahoo's practices are decided in a single proceeding, rather than in piecemeal, potentially inconsistent adjudications.  In addition, common questions of law and fact predominate over any questions affecting only individual class members. Further, a class action is superior to individual litigation as class members have little interest in individually controlling the prosecution of separate actions; all of the cases arising out of the practices at issue are concentrated in this Court and adjudication of the claims of class members in a single court will promote efficiency and uniformity; and there are no particular difficulties likely to be encountered in the management of this matter as a class proceeding.

<u>Yahoo's Position:</u>  Yahoo denies that class certification is appropriate in this case.  The class as pled cannot be certified because there are numerous material issues of fact that are unique to each putative class member.  As a result, Plaintiff cannot show that common factual issues predominate over questions affecting only individual class members. *See, e.g.*, *Murray v. Fin. Visions, Inc.*, No. CV-07-2578-PHX-FJM, 2008 U.S. Dist. LEXIS 93419, at *12-15 (D. Ariz. Nov. 6, 2008) (finding class certification inappropriate in a suit brought under ECPA and state privacy laws, because determining whether implied or express consent was present, whether each class member had a reasonable expectation of privacy, and whether each disclosed email was confidential required an individualized inquiry).  Further, the class as pled is unascertainable.

**10.**     **Related Cases:**  All known, pending related cases are currently before this Court.

**11.**     **Relief:** <u>Plaintiffs' Position:</u>  Plaintiffs in all Related Actions are seeking statutory relief for themselves and other class members for violations of Section 631 of CIPA.  Class members are entitled to relief under Section 637.2 of CIPA for a violation of Section 631 as follows:

injunctive relief, declaratory relief, monetary damages per class member of $5,000.00 (or three times actual damages, whichever is greater); and attorney's fees. Plaintiffs in two of the four Related Actions are also seeking statutory relief for violations of the federal Wiretap Act. 18 USC § 2520 provides relief as follows: injunctive relief; declaratory, monetary damages per class member of $100 per day per violation up to a maximum of $10,000.00, and attorney's fees.

<u>Yahoo's position:</u>  Yahoo denies that this case can be properly maintained as a class action. Yahoo further denies that Plaintiffs or the purported class is entitled to any relief whatsoever.

**12.    Settlement and ADR:**  The parties believe it may be too early in the case to determine prospects for settlement. The Parties have agreed to the ADR plan specified in their ADR stipulations filed on December 20, 2013 (*Nobles* ECF 19), January 8, 2013 (*Holland* ECF 19), and January 9, 2013 ( *Abrams* ECF 23), *Pincus* ECF 23). In the event the Court consolidates the related actions, the Parties propose to confer again and discuss ADR and prospects for resolution.

**13.    Consent to Magistrate Judge for All Purposes:**  The Parties do not consent to proceed before a magistrate for all purposes.

**14.    Other References:**  This case is not suitable for reference to binding arbitration, a special master, or the judicial panel on multidistrict litigation.

**15.    Narrowing of Issues:**  The Parties may be able to narrow issues after the Court rules on the outstanding motions to consolidate the Related Actions.

**16.    Expedited Trial Procedure:**  No party is requesting an expedited schedule at this time.

**17.    Scheduling:**  This Court has approved stipulations in all Related Actions extending the deadline for responding to the complaints until March 7, 2014 (*Holland* ECF 13; *Nobles* ECF 17; *Pincus* ECF 16; and *Abrams* ECF 14).

As noted above, there are two outstanding Motions for Consolidation of the Related Actions and Appointment of Interim Lead Class Counsel ("Consolidation Motions"), but the plaintiffs have now reached an agreement on consolidation and leadership and anticipate filing a stipulation for this court's approval in advance of the CMC. Yahoo does not oppose consolidation and takes no position on leadership. Plaintiffs therefore submit a proposed scheduling order in the form attached below, and set forth proposed dates in the chart below.

Yahoo proposes that the Court set a pretrial schedule only after a consolidated complaint has been filed, and the Court has ruled on Yahoo's motion to dismiss. The case is still in its initial stages and threshold matters, such as whether the cases will be consolidated and a consolidated complaint filed, the legal claims that will be asserted against Yahoo, and the factual questions that will need to be decided, have not been settled. Should the Court proceed with a full scheduling order at this time, however, Yahoo proposes the dates in the chart below.

The Parties therefore submit the following proposed schedules[2]:

| ACTION/EVENT | Plaintiffs' Position | Yahoo's Position |
| --- | --- | --- |
| File consolidated complaint | 28 days after the Court enters an Order on the motions to consolidate and appoint lead interim counsel. | 28 days after the Court enters an Order on the motions to consolidate and appoint lead interim counsel. |
| File motion to dismiss | 28 days after the filing of the consolidated complaint | 28 days after the filing of the consolidated complaint |
| File Response | 28 days after the filing of the Motion to Dismiss | 28 days after the filing of the Motion to Dismiss |
| File Reply | 14 days after the filing of the Response | 14 days after the filing of the Response |
| File Plaintiffs' motion for class certification | September 19, 2014 | April 10, 2015 |
| File Opposition to Plaintiffs' motion for class certification | October 17, 2014 | June 9, 2015 |
| Fact discovery cut-off | April 2, 2015 | October 23, 2015 |
| Designation of expert witnesses | May 8, 2015 | November 23, 2015 |
| Designation of rebuttal experts | June 12, 2015 | January 6, 2016 |
| Expert discovery cut-off | August 16, 2015 | March 4, 2016 |
| Last day for hearing of dispositive motions | December 14, 2015 | May 5, 2016 |
| Pre-trial conference | January, 2016 | October, 2016 |
| Trial | January/February 2016 | October/November 2016 |

**18.    Trial:** All Plaintiffs have demanded trial by jury. The parties do not at this time know how long a trial might take but will update the Court.

**19.    Disclosure of Non-party Interested Entities or Persons:** Pursuant to Civil Local Rule 3-16, all parties have filed the required "Certification of Interested Entities or Persons." (*See Holland* ECF No. 3 and 6; *Nobles* ECF No. 4 and 26; *Pincus* ECF No. 3 and 12; *Abrams* ECF No. 3 and 11.) No party has identified an "interested entity or person" or any other kind of interest as required under the Rule. However, one complaint names *John Doe* defendants.

---

[2] Due to the parties' differing views on scheduling each has submitted an alternate proposed scheduling order. Plaintiffs' proposed scheduling order is submitted herewith as Exhibit A. Yahoo's proposed order is submitted herewith as Exhibit B.

| | | |
|---|---|---|
| 1 | Dated: January 15, 2014 | Daniel C. Girard |
| 2 | | Matthew B. George |
| | | Heidi H. Kalscheur |
| 3 | | GIRARD GIBBS LLP |
| 4 | | By: /s/ Matthew B. George |
| 5 | | Attorneys for Plaintiffs |
| 6 | | Eric Holland and Cody Baker |
| 7 | | |
| 8 | Dated: January 15, 2014 | Lionel Z. Glancy |
| 9 | | Michael Goldberg |
| | | GLANCY BINKOW & GOLDBERG LLP |
| 10 | | Jeremy A. Lieberman (admitted *pro hac vice*) |
| 11 | | Leslie F. Portnoy (admitted *pro hac vice*) |
| | | POMERANTZ LLP |
| 12 | | |
| 13 | | By: /s/ Leslie F. Portnoy |
| 14 | | Attorneys for Plaintiff |
| | | Rebecca Abrams |
| 15 | | |
| 16 | | |
| 17 | Dated: January 15, 2014 | Laurence D. King |
| 18 | | Linda M. Fong |
| | | Mario M. Choi |
| 19 | | Frederic S. Fox (*pro hac* pending) |
| | | Donald R. Hall (*pro hac* pending) |
| 20 | | David A. Straite (admitted *pro hac vice*) |
| | | KAPLAN FOX & KILSHEIMER LLP |
| 21 | | |
| 22 | | By: /s/ Laurence D. King |
| 23 | | Attorneys for Plaintiff |
| | | Brian Pincus |

JOINT CASE MANAGEMENT STATEMENT
Case No. 13-CV-4980 LHK
sf-3373614

11

1  Dated:   January 15, 2014              Reginald Terrell, Esq.
                                          THE TERRELL LAW GROUP
2
                                          Sydney J. Hall, Esq.
3                                         LAW OFFICES OF SYDNEY JAY HALL

4
                                          By: /s/ Reginald Terrell
5
                                              Attorneys for Plaintiff
6                                             Halima Nobles

7

8

9  Dated:   January 15, 2014              Rebekah Kaufman
                                          Robert Petraglia
10                                        MORRISON & FOERSTER LLP

11
                                          By: /s/ Rebekah Kaufman
12
                                              Attorneys for Defendant
13                                            YAHOO! INC.

JOINT CASE MANAGEMENT STATEMENT
Case No. 13-CV-4980 LHK                                                     12
sf-3373614